UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | |
| v. | **23 Cr. 448 (CS)** |
| Reshma Massarone, | |
| Defendant. | |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS defendant Reshma Massarone has moved for relief from her conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of defendant's former counsel, Samuel M. Braverman and John R. Ingrassia ("Counsel"), will be needed by the Government to respond to certain aspects of the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that defendant Reshma Massarone execute and return to this Court within 60 days from the date of this Order the accompanying "Attorney-Client Privilege

Waiver (Informed Consent)" form. If the waiver is not received by the Court within 60 days from

the date of this Order, the Court will deny the Section 2255 motion on the ground that the movant

failed to authorize the disclosure of information needed to permit the Court to decide the motion.

Dated: White Plains, New York
April _8_, 2026

_____
HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

The Government shall send a copy of this Order and its attachment
to Petitioner, Mr. Ingrassia and Mr. Braverman, and file proof of the
same on the docket.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| United States of America | |
| v. | **23 Cr. 448 (CS)** |
| Reshma Massarone, | |
| Defendant. | |

**Attorney-Client Privilege Waiver (Informed Consent)**

To:     Reshma Massarone

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from, among other attorneys, Samuel M. Braverman, Esq. and John R. Ingrassia, Esq. (referred to in this form as "your former attorneys"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorneys in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorneys to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorneys to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about his representation of you. However, you should also know that the Court will deny your motion if you do not authorize your formers attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within 60 days from the date of the Court's Order directing your former lawyers to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

*United States v. Reshma Massarone*, 23 Cr. 448 (CS)

I have read the Court's Order dated April _____, 2026 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Samuel M. Braverman, Esq. and John R. Ingrassia, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

Signed:_____
     Reshma Massarone


Sworn to before me this _____ day of _____, 2026


_____
Notary Public